UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD MILLER,

              Petitioner,

                                     CASE NO.  2:15-cv-12931

v.                                 HON. ARTHUR J. TARNOW

SHAWN BREWER,

              Respondent.

_____/

**ORDER SUMMARILY DISMISSING THE HABEAS PETITION,
DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

### I. Introduction

      This matter has come before the Court on petitioner Richard Miller's *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  Petitioner is an inmate at the G. Robert Cotton Correctional Facility in Jackson, Michigan.  The habeas petition and attached exhibits indicate that Petitioner was convicted of manslaughter in Wayne County, Michigan on March 5, 2012, and that he is serving a sentence of eighteen to thirty years for the crime.

      In an appeal of right, Petitioner argued that his sentence was cruel and unusual punishment under the State and Federal Constitutions.  The Michigan Court of Appeals disagreed and affirmed Petitioner's sentence in an unpublished, *per curiam* opinion.  *See People v. Miller*, No. 310041 (Mich. Ct. App. Aug. 20,

*Miller v. Brewer*, No. 15-12931

2013).  The Court has found no record of an appeal from the Michigan Court of Appeals decision to the Michigan Supreme Court.

Petitioner filed his habeas corpus petition on August 14, 2015.  He claims that the state district court failed to provide counsel for him at his arraignment on June 5, 2011.  Petitioner maintains that he was entitled to appointment of counsel, because his arraignment was a critical stage of the proceedings and because he did not waive his right to counsel.  He argues that, as a result of the failure to appoint counsel at his arraignment, the state trial court lacked jurisdiction to proceed with his case.

## II.  Legal Framework

The Court may entertain a state prisoner's application for the writ of habeas corpus only if the petitioner is "in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. §§ 2241(c)(3) and 2254(a).  In addition, the petitioner has the burden of proving that he exhausted state remedies for his claims by fairly presenting the factual and legal basis for his claims in state court.  *Nali v. Phillips*, 681 F.3d 837, 851-52 (6th Cir. 2012).  To be properly exhausted, a prisoner must present his claims to the state court of appeals and to the state supreme court.  *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009).  If it plainly appears from the face of the petition that the petitioner is not entitled to relief, a federal district court may summarily dismiss the petition.

*Miller v. Brewer*, No. 15-12931

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts; *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

### III.  Discussion

Petitioner has not demonstrated that he raised his claim in the Michigan Court of Appeals and in the Michigan Supreme Court.  Furthermore, his pleading is similar to a habeas petition that he filed earlier this year under the "All Writs Act," 28 U.S.C. § 1651(a).  *See Miller v. Haas*, No. 2:15-cv-10166 (E. D. Mich. Jan. 14, 2015).  This Court summarily dismissed the petition in that case on the ground that Petitioner's initial arraignment on criminal charges in state district court was not a critical stage that required appointment of counsel.  The Court noted that the Sixth Amendment guarantees counsel at all critical stages of the criminal process, *Marshall v. Rodgers*, 133 S. Ct. 1446, 1449 (2013), and that the right to counsel generally applies to a defendant's "first appearance before a judicial officer at which a defendant is told of the formal accusation against him and restrictions are imposed on his liberty."  *Rothgery v. Gillespie Cty., Tex.*, 554 U.S. 191, 194 (2008).  The Court concluded, however, that none of the factors used to determine whether a proceeding was a critical stage applied to preliminary arraignments on the warrant under Michigan law and, therefore, Petitioner was not entitled to relief on his claim.  *Miller*, No. 2:15-cv-10166, ECF No. 4 (opinion and order dated February 3, 2015).

*Miller v. Brewer*, No. 15-12931

Petitioner appealed the Court's decision in case number 2:15-cv-10166, but the United States Court of Appeals for the Sixth Circuit rejected Petitioner's argument and denied his application for a certificate of appealability.  The Court of Appeals, like this Court, noted that Petitioner stood mute when a judicial officer arraigned him on June 5, 2011, and that the state court entered a not-guilty plea on his behalf.  In addition, there was no allegation that Petitioner "made an incriminating statement at the arraignment on the warrant, entered a plea of guilty, or lost or waived any defense," and that Petitioner "was appointed counsel for the next proceeding, the preliminary examination."  *Miller v. Haas*, No. 15-1181, at 2 (6th Cir. July 31, 2015) (quoting this Court's dispositive opinion in case number 2:15-cv-10166).

For the same reasons, the Court finds that Petitioner is not entitled to relief under § 2254.  Petitioner's initial appearance in state court was not a critical stage of the criminal proceedings and, therefore, he had no constitutional right to counsel at his arraignment.

### IV.  Conclusion

Petitioner has failed to show that he exhausted state remedies for his claim and that he is in custody in violation of the Constitution.  Accordingly, the habeas petition (ECF No. 1) is summarily dismissed, and this case is closed.

4

*Miller v. Brewer*, No. 15-12931

The Court declines to issue a certificate of appealability because Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Court denies leave to appeal *in forma pauperis* because an appeal would be frivolous and could not be taken in good faith.  28 U.S.C. § 1915(a)(3).

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: September 25, 2015

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on September 25, 2015, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Assistant